FILED'08 JUN 13 10:39USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 04-509-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MARVIN LEE LAMBERT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Marvin L. Lambert
68307-065
Federal Prison Camp
P. O. Box 6000 Unit 5
Sheridan, Oregon  97378

    Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Pamala R. Holsinger
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is the motion styled "Defendant's Motion to Substitute Counsel; Motion for Clarification of this Court's Familiarity with Both the Substantive Content of Relevant Law and Requirements of Title 18, U.S.C. § 924(c)(1) as they Pertain to the Supreme Court's Decision in Bailey v. United States, 516 U.S. 137, 143, 116 S. Ct. 501, 133 L. Ed.2d 472 (1995)" (#56) filed by defendant Marvin Lee Lambert.

## PROCEDURAL BACKGROUND

On February 24, 2006, defendant pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), as charged in the Indictment.

On June 22, 2006, the court sentenced defendant to 46 months' incarceration on the first count, and 60 months' incarceration on the second count, to be served consecutively, followed by a three-year term of supervised release.

Judgment was entered on June 28, 2006. Defendant did not appeal his sentence and has not previously filed a motion attacking his sentence pursuant to 28 U.S.C. § 2255.

Defendant filed the motion identified above on May 13, 2008. The motion takes issue with his conviction under 18 U.S.C. § 924(c)(1), arguing that his conduct does not rise to the level of the conduct prohibited by statute, as the statute is explained and applied in Bailey v. United States, 516 U.S. 137 (1995).

## DISCUSSION

As an initial matter, there is no need to rule on defendant's motion to substitute counsel, as defendant seeks to represent himself in this case.

Page 2 - OPINION AND ORDER

As for the remainder of his motion, given the nature of defendant's arguments, his motion is properly characterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 382 (2003), and the Ninth Circuit's holding in United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001), the court is not at liberty to make such a recharacterization at this time because this would be defendant's initial Section 2255 motion. Instead, according to Castro:

> [T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro, 540 U.S. at 383.[1]

Defendant should give serious consideration to withdrawing this motion given its clear legal infirmities. Once recharacterized as a Section 2255 petition, defendant's motion will be subject to the applicable one-year statute of limitations and will be rejected because it was filed beyond one year from the date of judgment.

Title 28, U.S.C. § 2255 contains a one-year statute of limitations which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and has been made retroactively applicable to

---

[1] A defendant faces additional hurdles when he seeks to file a second or successive Section 2255 motion, such as the prerequisite of obtaining certification from the court of appeals. See 28 U.S.C. § 2255; see also Seesing, 234 F.3d at 463 (noting that, pursuant to 28 U.S.C. § 2255, second or successive motions may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable").

Page 3 - OPINION AND ORDER

cases on collateral review;" or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence.

None of these factors could extend the one-year statute of limitations. As such, once recharacterized, defendant's existing motion will be deemed untimely.

In addition, I note that in his plea agreement defendant waived the right to file "any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Plea Agreement at 2 (Feb. 24, 2006) (#36).

The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68.

The defendant presents no facts from which I could find that his waiver was uninformed or otherwise defective. He does not take issue with his counsel's assistance, and the circumstances mentioned in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2) are not applicable. The defendant clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined in the plea agreement.

Defendant asserts that one of the three firearms found in his bedroom belonged to his girlfriend, and implies that his counsel led him astray in recommending that he agree with the provision in his Plea Agreement regarding "Abandonment of Firearms" when he had no "right, title and interest" in his girlfriend's firearm. D.'s Mot. at 4; Plea Agreement at 2. Any such

Page 4 - OPINION AND ORDER

suggestion does not reflect poorly on his counsel's assistance. I note that all third parties had the right to petition the Court in the event such a person believed he or she had a legal interest in the gun. Preliminary Order of Forfeiture (June 23, 2006) (#43).

Finally, with regard to the merits of defendant's motion, his reliance on Bailey v. United States, 516 U.S. 137 (1995) is misplaced. Congress amended § 924(c) in response to Bailey. The Supreme Court in that case held that the "use" language of the pre-1998 version of § 924(c) did not encompass mere possession of a firearm during the commission of a crime; the statute required active employment of the firearm in relation to the predicate offense. Bailey, 516 U.S. at 143. Congress amended the statute in 1998 to clarify that a person may be prosecuted for not only using or carrying a firearm in relation to a drug trafficking crime, but also for, "in furtherance of any such crime, possess[ing] a firearm[.]" 18 U.S.C. § 924(c)(1)(A).

///

///

///

///

Page 5 - OPINION AND ORDER

## CONCLUSION

In accordance with the foregoing, defendant shall notify the court within 30 days whether he: (1) withdraws his motion; (2) consents to the recharacterization of the motion, as filed, as a Section 2255 motion; or (3) consents to the recharacterization of the motion as a Section 2255 motion and seeks to amend it to include other Section 2255 claims.[2]  If defendant fails to respond timely to this order, the court will recharacterize the motion styled "Defendant's Motion to Substitute Counsel; Motion for Clarification of this Court's Familiarity with Both the Substantive Content of Relevant Law and Requirements of Title 18, U.S.C. § 924(c)(1) as they Pertain to the Supreme Court's Decision in Bailey v. United States, 516 U.S. 137, 143, 116 S. Ct. 501, 133 L. Ed.2d 472 (1995)" (#56) filed by defendant Marvin Lee Lambert as a Section 2255 motion and deny it for the reasons stated above.

IT IS SO ORDERED.

Dated this _13th_ day of June, 2008.

_____
Garr M. King
United States District Judge

---

[2] Any such amendments may not prevent the motion from being deemed untimely.

Page 6 - OPINION AND ORDER