FILED SEP 22 15:08 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 04-509-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | RECHARACTERIZING DEFENDANT'S |
| MARVIN LEE LAMBERT, | ) | MOTION AS A § 2255 MOTION |
| | ) | |
| Defendant. | ) | |
| | ) | |

Marvin L. Lambert
Reg. No. 68307-065
Federal Prison Camp
P. O. Box 6000, Unit 5
Sheridan, Oregon 97378

    Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon

Page 1 - OPINION AND ORDER RECHARACTERIZING DEFENDANT'S MOTION AS A §
    2255 MOTION

Pamala R. Holsinger
United States Attorney's Office
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Defendant

KING, Judge:

    Defendant Marvin Lee Lambert filed a motion styled "Defendant's Motion to Substitute Counsel; Motion for Clarification of this Court's Familiarity with Both the Substantive Content of Relevant Law and Requirements of Title 18, U.S.C. § 924(c)(1) as they Pertain to the Supreme Court's Decision in Bailey v. United States, 516 U.S. 137, 143, 116 S. Ct. 501, 133 L. Ed.2d 472 (1995)" (#56). On June 13, 2008, I gave defendant the option of (1) withdrawing his motion; (2) consenting to the recharacterization of the motion, as filed, as a Section 2255 motion; or (3) consenting to the recharacterization of the motion as a Section 2255 motion but with the option of amending it to include other Section 2255 claims.

    I urged defendant to give serious consideration to withdrawing his motion given its clear legal infirmities. I informed him that once recharacterized as a Section 2255 petition, his motion would be subject to the applicable one-year statute of limitations and would be rejected because it was filed beyond one year from the date of judgment. In addition, I noted that in his plea agreement defendant waived the right to file "any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Plea Agreement at 2 (Feb. 24, 2006) (#36). Finally, with regard to the

Page 2 - OPINION AND ORDER RECHARACTERIZING DEFENDANT'S MOTION AS A § 2255 MOTION

merits of the action, I informed him that he could be prosecuted for not only using or carrying a firearm in relation to a drug trafficking crime, but also for, "in furtherance of any such crime, possess[ing] a firearm[.]" 18 U.S.C. § 924(c)(1)(A).

I granted defendant an extension of time to give the Court his decision. The Court received his response on September 9, 2008.

In his response, defendant concedes that his agreement not to seek collateral review of his conviction or sentence "prevent the utilization of § 2255[.]" Def.'s Reply at 2-3. He requests, however, that his motion be recharacterized as a § 2241 motion, suggesting that he can show "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention." Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003).

Defendant failed to file his collateral attack within one year of his conviction. The one-year statute of limitations does not render § 2255 an inadequate and ineffective remedy. Reynosa v. Hood, 25 Fed. Appx. 647, 2002 WL 89690, * 1 (9th Cir. 2002) (citing United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000)).

///

///

///

Page 3 - OPINION AND ORDER RECHARACTERIZING DEFENDANT'S MOTION AS A § 2255 MOTION

## CONCLUSION

Defendant's motion styled "Defendant's Motion to Substitute Counsel; Motion for Clarification of this Court's Familiarity with Both the Substantive Content of Relevant Law and Requirements of Title 18, U.S.C. § 924(c)(1) as they Pertain to the Supreme Court's Decision in Bailey v. United States, 516 U.S. 137, 143, 116 S. Ct. 501, 133 L. Ed.2d 472 (1995)" (#56) is recharacterized as a § 2255 motion and it is denied as untimely. His request that the Court recharacterize his motion as a § 2241 motion is denied for the reasons set forth herein.

IT IS SO ORDERED.

Dated this 22nd day of September, 2008.

                                                        _/s/ Garr M. King_
                                                        Garr M. King
                                                        United States District Judge